# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF HANCOCK,

ARGUED JULY TERM, 1847.

---

### NANCY SELLARS *versus* WILSON CARPENTER.

The Supreme Judicial Court had authority by law to make and establish the thirty-fourth rule of practice, adopted in 1822, respecting the admission of office copies in evidence in certain cases.

But in an action wherein a widow demands her dower, the thirty-fourth rule does not authorize the admission in evidence against her, without the proper proof of the loss of the original, of an office copy of a deed, acknowledged by her husband though not by her, and recorded, purporting to be a conveyance of the premises by the husband, and a relinquishment by her of all her claim to dower therein.

WRIT of dower. The demandant, at the trial before SHEPLEY J., proved the marriage, death of the husband, seizin of the husband during the coverture, and demand that dower should be assigned.

The tenant alleged, in his pleas, that the demandant had released all claim to dower in the premises, in a mortgage deed with Robert Sellars, her late husband, to one Wardwell, and that the mortgage had been assigned to the tenant. The tenant then offered in evidence an office copy of a deed purporting to be executed by said Robert Sellars and the demandant, dated June 15, 1824, acknowledged by Robert Sellars, June 26, and recorded June 28, 1824. By this copy it appeared,

VOL. XIV.          63

that she had relinquished her claim to dower in the premises, but the copy did not show any acknowledgment of the deed by her. To the introduction of this copy the demandant objected, and insisted that the original deed should be introduced and proved. The presiding Judge admitted the copy, and instructed the jury, that the attested copy must be considered as *prima facie* evidence, that the deed was signed and executed by the demandant as it purported to be, and that the burthen of proof was thereby thrown upon the demandant, to show that it was not executed by her. The verdict for the tenant was to be set aside, if this ruling or instruction was erroneous.

The case was argued in writing.

*W. G. Crosby,* for the tenant.

The office copy of the demandant's deed, relinquishing dower, was properly admitted.

It was admissible under rule 34th, Supreme Court. " In all actions touching the realty, office copies of deeds pertinent to the issue, from the Registry of Deeds, may be read in evidence without proof of their execution, where the party offering such office copy in evidence, is not a party to the deed, nor claims as heir, nor justifies as servant of the grantee or his heirs."

The Court had authority to establish such a rule.

1. From the nature of its powers as a court of ultimate jurisdiction.

2. Also under § 7 and 9, c. 96, Revised Statutes.

The rule is not repugnant to law within the meaning of sec. 9. — Not repugnant to the laws of the Commonwealth — not repugnant to the laws of the State — are the expressions in the corresponding provisions of the statute of Mass. 1782, and of Maine, 1821. — By law was intended the written law, — or at most, the written law and those general principles of law upon which rights of persons and things directly depend, or are immediately controlled, — not mere rules of evidence whose bearing is only incidental.

But at the passage of the Revised Statutes it was the estab-

lished law that office copies of registered deeds, under circumstances similar to those of the present case, should be admitted in evidence. — The 34th rule and the practice under it were familiar to the compilers of the Revised Statutes, and to the Legislature by whom they were enacted, — and if it had been intended to have refused to the Supreme Court a power they had long exercised, it would have been done by clear and distinct and express words. — That the Court had authority to establish the rule, and would adhere to it, and that office copies of deeds were admissible in evidence, was settled as early as 1831, in *Woodman* v. *Coolbroth*, 7 Greenl. 181. By the establishment of the 34th rule and by the decision in *Woodman* v. *Coolbroth*, the Court gave an exposition of the meaning of Stat. 1821, c. 54, § 4, which the Legislature confirmed by using the words of the statute 1821 very nearly, in the Revised Statute.

So also in *Burghard* v. *Turner*, 12 Pick. 534, it was held that in a real action a copy of a registered deed, made to a common ancestor of the parties, is admissible in evidence, if there is no reason to presume the original to be in the possession of one party more than the other.

An office copy of a deed registered, is admissible in evidence when the grantee is out of the Commonwealth, and the original deed is not under the control of the party producing the copy. *Eaton* v. *Campbell*, 7 Pick. 10. An office copy of a registered deed is good evidence, *prima facie*, where the party producing it is not the grantee, nor presumed to have the original in his custody or power, although the grantee may be within the jurisdiction of the Court and might have been summoned to have produced the original. *Scanlan* v. *Wright*, 13 Pick. 523; *Ward* v. *Fuller*, 15 Pick. 185.

Where proof is by copy it is not necessary to produce a subscribing witness, to prove the execution of a deed. *Hathaway* v. *Spooner*, 9 Pick. 23.

The copy admitted in the case at bar, is within the rule, within its letter and its spirit. — The action is a real action ; one " touching the realty." In England, title deeds generally

accompany the estate; — here, it is otherwise; and it was to prevent the great injustice and inconvenience, that would often result, if in proving a long chain of title, the production of original deeds and proof by subscribing witnesses of their execution were required, that the practice has prevailed of admitting office copies under certain restrictions. — And all the reasons for admission of office copies in any case seem to apply in full force, to the present.

Nor is the copy any the less within the rule, because the original was not acknowledged by the demandant. It was acknowledged by the husband, — and the acknowledgment by one of several grantors in a deed, is sufficient to make it admissible to registry. *Pidge* v. *Tyler*, 4 Mass. R. 541.

The acknowledgment of a deed by a wife relinquishing dower, who joins in the deed with her husband, is not necessary. *Catlin* v. *Ware*, 9 Mass. R. 218.

The Court may repeal the rule, if for any reason it ought not to stand, or may introduce further limitations, but so long as it remains unrepealed and without new limitations, it cannot be dispensed with in a particular case embraced in it. *Thompson* v. *Hatch*, 3 Pick. 512.

*Hathaway*, for the demandant.

In this action, defendant by special plea alleged, that plaintiff signed the mortgage deed, and relinquished her dower in the demanded premises.

1. It is incumbent on defendant to prove the allegation, and that affirmatively.

2. The office copy of the mortgage was not competent evidence, and was improperly admitted.

3. In case of the loss of a deed, and that being proved, an office copy would be admissible only after proof of the execution of the deed. *Kimball* v. *Morrill*, 4 Greenl. 368. Here was no proof of the execution of the deed or of its loss; nor is it an ancient deed.

4. "It is an indispensable rule of law, that evidence of an inferior nature, which supposes evidence of a higher in existence, and which may be had, shall not be admitted." This

point is sustained by authorities so numerous, that I shall cite none in its support. I state the proposition in the language of the law.

5. At common law, an office copy is in no case admissible, unless upon proof of the loss of the original, and after proof of the execution of the original. Such was the English common law. which we inherited, and such is the law now here, unless changed by statute, or by some competent authority.

There is no such change by statute ; and the change is made by no other authority, than the rules of practice adopted by this Court. Rule 34, 9 Greenl. 303.

6. And plaintiff contends, that the said 34th rule transcends the power of this Court, and is not binding.

The power of the Court to make rules is granted by Rev. Stat. c. 96, § 9. It is "to establish rules, &c. respecting the modes of trial, and the conduct of business, not being repugnant to law." This rule is neither respecting the "mode" or the "conduct of business." It undertakes, *propria vigore,* to make that competent evidence, which was not so before. It creates a new species of evidence unknown to the common law, and having no statute to support it. It is therefore, in the language of the statute, repugnant to law.

We are not entirely without authority upon this subject. In the case of *Mills* v. *Bank of the United States,* 11 Wheat. 431, 439, 440, the Court say, in commenting upon one of their rules, "if the rule attempted so interfere with, or control the rules of evidence, it certainly could not be supported." This case is directly in point.

7. Nor is it believed that the Legislature had the power to authorize the Court to make that rule, if they had attempted it. Although authorized to make laws themselves, they are not authorized to delegate that power to others.

8. But if the Court had authority to make the rule, it must possess the character of all general rules ; it must be subject to exceptions, and regard may be had in its application to the reasons upon which it was established. And the plaintiff con-

tends, that if it be rightful in its application to the grantor, who appears by the copy to have acknowledged the deed before a magistrate, it should not be extended to the signature of the wife, who does not appear to have acknowledged the deed, and is not required by law so to do. Her right of dower is personal. *Croade* v. *Ingraham,* 13 Pick. 33.

A record of a deed with the acknowledgment of the grantor, certified by a magistrate, would not be likely to be found unless it had an original.

The estate usually changes hands, when conveyed, and a deed *forged* entirely, if recorded, would be almost certainly immediately discovered, and of no avail. Such an attempt would be in all probability detected and defeated, and therefore without object. The rule might therefore ordinarily be applied to the deed of the grantor, executed and acknowledged, without much apparent danger of wrong. But not so with the wife, relinquishing her dower. During the life of her husband she has no means of knowing whether her name is to his deeds or not. He executes the deed and acknowledges it before a magistrate. The magistrate, who takes the acknowledgment and the witness who attests, perform the same services and appear in the same manner upon the deed, whether her signature is to it or not. The estate passes. — The possession follows in the same manner whether her name is there or not ; her whole dower may be transferred during the lifetime of her husband, without her having any knowledge, or any reason to suspect that her estate is not sure. And under the operation of this rule, the wife of a dissolute and abandoned man may count with no certainty upon her dower, although it be the favored estate of the common law. It was the favored estate, and we inherited it as such. — It is so now in England as it always has been ; and there a wife cannot part with dower, but by deed duly executed, and acknowledged before a Judge of some Court of record, who shall certify upon the deed, " that being examined by him separately and apart from her husband, she acknowledged it

to be her free act and deed, without any compulsion or threats or control of her husband."

It would seem to be enough that our statutes have abolished that wholesome precaution and safeguard of the widow at common law, and taken away the necessity of the wife's acknowledgment of her relinquishment of dower, without the intervention of a *" rule of Court."*

9. But it may be said, the ruling of the Court only made the copy *prima facie* evidence. That however was as much an interfering with the rules of evidence, and depriving the demandant of her legal rights, as if it had made it conclusive. It was changing the burthen of proof and putting it upon the party to whom it does not and ought not to belong. — If I would suppose a case to illustrate this point, I could not suppose one stronger than was presented on the trial of this action. The only subscribing witness to the mortgage was summoned to Court at the trial, to prove that when he signed his name as a witness, and took the acknowledgment of the deed of the husband, the name of the plaintiff was not affixed thereto; that he did not witness her signature ; and he deceased at Court before the trial of the action.

Why should the burthen of proof be upon her ? The deed would most likely be in the possession of the mortgagee or those claiming under him, and they all interested to have it out of the way.

10. The plaintiff contends that this is not an action " touching the realty" within the meaning of the 34th rule. Until an assignment the right of dower is personal and cannot be the subject of a lease. *Croade* v. *Ingraham,* 13 Pick. 33.

It is a personal right which can in no event defeat the inheritance, and no considerations of convenience can justify a rule which in its, operation must endanger the whole estate of the widow.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff claims dower in a certain estate, of which her late husband, Robert Sellars, deceased,

was, when alive, and after her intermarriage with him, seized and possessed in fee.

The defence is, that Sellars, before his decease, conveyed the estate in fee and in mortgage to one Wardwell, after the decease of whom the mortgage was, by his executors, assigned to Messrs. Howard & Hale, who had before purchased the right in equity of redeeming the same ; and afterwards convey-ed the estate to the defendant.   To prove his title, the defend-ant offered in evidence a copy of the mortgage, as recorded in the registry of deeds, which purported to be signed and sealed by the plaintiff in token of her relinquishment of dower in the estate so conveyed.   The plaintiff insisted that the original should be produced, or that her execution of it should be proved ; she denying that she ever placed her signature to it. This, the Judge presiding at the trial did not require, as he at the time, was under the impression, that the evidence offered, came within the thirty-fourth rule of this Court, which is, that, in all actions touching the realty, office copies of deeds, perti-nent to the issue, from the registry of deeds, may be read in evidence, without proof of their execution, when the party of-fering such office copy in evidence is not a party to the deed, nor claims as heir, nor justifies as servant of the grantee, or his heirs."   To this ruling, exception was taken ; and it is now contended, and very ingeniously argued, that the Court had no authority to adopt such a rule ; and if it had, that the present case was not within its intent and meaning.

We must now, in the first instance, determine whether the Court had authority to make such a rule.   If it had not, we must disregard it.   It is urged that the rule of law is general and of long standing, that a party producing a deed as evi-dence is bound to prove its due execution ; and that the Court is only authorized to make rules concerning the mode of trial, and the conduct of business, and not repugnant to law ; and such is the grant of power in terms, as contained in the Rev. Stat. c. 96, § 9, which is but a re-enactment of a similar pro-vision, to be found in the act originally regulating the jurisdic-tion of this Court, passed soon after the adoption of our

constitution. The rule is clearly a regulation as to the conduct of business in Court, and, therefore, within the terms of the power granted, unless it can be deemed repugnant to law.

Deeds are not permitted to go to the jury in evidence until there is believed to be some evidence inducing the presumption of their having been duly executed. The rule as laid down, and contended for, is general in its operation, but like other general rules of law, has its exceptions ; upon the principle that, where the reason of the rule ceases the rule may be dispensed with. Whether there be evidence, which authorizes a deed to be read in evidence is, in the first instance, to be ascertained by the Court, being in effect but *prima facie* evidence, which may be controverted before the jury. Whether the general rule, that proof of execution by subscribing witnesses, or, when that fails, by other proof thereof, should be required, has been considered as subject to modification by the courts in various instances. If upon the inspection of a deed it appears to be thirty years old, and comes from the proper custody or depository to give it credence, it may be admitted in evidence without further proof of its execution. Here some degree of discretion must be exercised by the Court in considering of the concomitant circumstances, tending to fortify the presumption of its due execution.

Again : — If a deed is seen by the Court to be called out of the hands of the adverse party, who claims an interest in it, the Court will not compel any further proof of its due execution. 1 Greenl. on Evidence, § 571. So also where a bond is given by an officer in trust for the benefit of persons concerned, as the case of guardians, executors or administrators, to the Judge of probate, and approved by him. *Ibid.* § 573.

Again : — Since by the statute of the 27 of Henry 8, c. 16, a bargain and sale of an estate of inheritance or freehold is required to be enrolled, it has been held by the courts in England, that the enrollment should be deemed to be sufficient evidence of the execution of the deed as against all persons.

1 Chitty, 355, and cases there cited. The enrollment in Eng-land is very similar to our acknowledgment and registry. In the former it must be by an acknowledgment and registry in Court, and in the latter by an acknowledgment before a mag-istrate, and registry in a public office kept for the purpose. Accordingly in Maryland, where they have an ancient statute, probably like that of Henry 8, requiring that deeds should be enrolled, it has been held, that an exemplification of the record, which is but an authenticated copy, is competent evidence. *Dick* v. *Balch*, 8 Peters, 30.

It is believed that, long before the separation of this State from Massachusetts, it had been constantly ruled at *nisi prius*, in conformity to the principle of the rule adopted by this Court, to which no exception is known to have been taken, indicating an entire acquiescence therein by the bar of that State. And in *Eaton* v. *Campbell*, 7 Pick. 10, the Court, after remarking, that, in England, the grantee is furnished with all the title deeds, which is not the case with us, remark, that " to require him (the grantee,) to produce all the original deeds, for twenty years or more, and to bring the subscribing witnesses, would be unreasonable and oppressive ;" and that it will be found convenient to have a copy from the register's office *prima facie* evidence, even when the grantor lives with-in the Commonwealth ; until the case assumes a different shape on a question of fraud. It would seem to be clear, then, that there is no such inflexible rule of law, applicable to all cases, as to proof of the execution of deeds, as is contended for; and that this Court under the grant of power, before named, might, in the exercise of a sound discretion, well adopt the rule in question, by way of rendering, what before depended on a practice similar in effect, more certain and definite ; and it has been acquiesced in since its adoption till now, a period of 24 years.

We now come to the second branch of the inquiry, which is, whether the rule could have been intended to reach a case like the present. As the rule in derogation of a principle be-fore existing, of general application, it should not be allowed

to embrace cases not within the reason of it. In its adoption it was doubtless with a view to grantors, who were actually transferring some present estate, or *extinguishing some claim*, which they might seem to have to some estate. A deed to come within the rule must be touching the realty ; that is, touching the realty at the time of its execution, and actually conveying or purporting to convey something. None other is required to be acknowledged or recorded, in order to be effectual. And a copy of the registry of any other writing, which might happen improperly to be recorded, would not be evidence. A deed of a grantor, not acknowledged, even if placed upon the record, would not come within the rule, because it would not be properly there ; and because it would not have the additional evidence of a due execution, arising from an acknowledgment before a magistrate. Bonds, releases and other sealed instruments, not amounting to a conveyance of title to real estate, are under no circumstances reached by the rule.

These agreements, on the part of *femmes covert*, convey no present estate ; they do not purport to do so ; and hence they are not required to be, and seldom, if ever, are acknowledged. They are simply agreements, amounting in effect to extinguishments of rights, which are contingent, and may never exist, depending on their outliving their husbands. When they have any present interest, if they would convey it, they must join their husbands in the operative words transmitting title, and must acknowledge the same, as do other grantors. Here, then, there is a manifest distinction between one conveying an estate, and one merely agreeing to extinguish a contingent claim of dower.

The inducement to the adoption of the rule, was doubtless, in a good measure, owing to the knowledge, that all deeds, before they can be entitled to be recorded, must have the sanction, of an acknowledgment before a magistrate, and, having that sanction and being placed upon the record, which was thereafter open to the inspection of the grantor, affording evidence of acquiescence on his part, it might well be thought

unreasonable to allow him to question its validity.   How is it with married women ?   Their signatures are placed to deeds, relinquishing their dower, with very little ceremony ; with no acknowledgment before a magistrate ; and often without the presence of witnesses, as is well known.   Though their deeds may be placed upon record, they cannot be supposed to have any inspection thereof: and, if not agreeable to their husbands, if by chance informed of a record of a deed, purporting to bear their signatures, they can take no measures concerning it ; and especially would such be the case, if their husbands had fraudulently placed their signatures to them. If when they come to have the right to dower perfected, they cannot call for proof of the execution of the deeds, which may purport to bear their signatures, their cases might be indeed unfortunate.

Moreover the language of the rule is not, in strictness, appropriate to include such cases.   No one could claim as heir or justify as servant, of one merely relinquishing an inchoate right of dower.   The rule supposes, that the party offering such office copy, may be in one or the other of those predicaments.   The word, " party," may, with much propriety, be taken to mean a party to the conveyance of the estate ; to the operative words passing it, and not to one who was no such party ; but merely a party to the instrument for another purpose.   That this is the true construction, derives force from the immediate connection of the word " party" with the words " claims as heir, nor justifies as servant," &c.

On the whole, we think the exceptions may be sustained.